### STATE v. R. E. SENTELLE.

(Filed 3 November, 1937.)

**1. Criminal Law §§ 44, 81a—**

A motion for a continuance, made on the ground of absence of a material witness, is addressed to the sound discretion of the trial court, and his decision thereon is not reviewable in the absence of abuse of discretion.

**2. Criminal Law § 42—Testimony held properly excluded as hearsay and statement of solicitor held not to estop State from objecting thereto.**

A question, asked on cross-examination of a State's witness, whether a third person, who did not testify at the trial, had not made a certain statement on the night of defendant's arrest, is properly excluded as hearsay, and this result is not altered by the fact that the solicitor, upon the argument of defendant's motion for a continuance, stated he would admit such third person would so testify if present in court, where it is not made to appear that defendant accepted this offer, or that the admission was excluded from the evidence at the trial.

**3. Criminal Law § 40—**

While a character witness may testify of his own accord as to defendant's reputation for particular traits of character, defendant may not elicit such testimony by direct question, the witness being competent only to prove the general character of defendant.

APPEAL by defendant from *Rousseau, J.,* at July Term, 1937, of MONTGOMERY.

Criminal prosecution tried upon warrant charging operation of motor vehicle on the public highway while under the influence of an intoxicant.

Verdict: Guilty of driving drunk.

Judgment: Thirty days in jail, fine of $225.00, and depriving of right and surrender of license to operate motor vehicle for twelve months.

The defendant appeals to the Supreme Court and assigns error.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Brock Hurley, Ehringhaus, Royall, Gosney & Smith for defendant, appellant.*

PER CURIAM. The case on appeal fails to disclose error.

On affidavit duly made, warrant issued out of the recorder's court of Montgomery County charging that on or about 27 March, 1937, defendant did unlawfully and willfully operate a motor vehicle on the

public highway of Montgomery County while under the influence of an intoxicant, contrary to the form of the statute. From judgment finding defendant guilty of driving drunk and imposing jail sentence and fine he appealed to the Superior Court.

When the case was called for trial in the Superior Court defendant moved for continuance on account of absence of a material witness, the wife of defendant. The motion was denied. The question of granting or refusing a motion for the continuance of an action is peculiarly within the discretion of the court. Unless that discretion is abused, the decision of the court below is not subject to review on appeal. *S. v. Banks,* 204 N. C., 233, 167 S. E., 851.

In the course of the argument of that motion "the solicitor for the State in open court agreed to admit, without objection, that the wife of the defendant, if present in court, would testify that the defendant at the time he was arrested by Sheriff Bruton was not under the influence of intoxicants without admitting the truthfulness thereof." The record fails to show that defendant accepted this offer, or that the admission was excluded as evidence on the trial.

On cross-examination of the sheriff, who was a witness for the State, defendant offered to show that on the night of the arrest the wife of defendant stated that the defendant was not under the influence of intoxicants and had drunk no liquor. This was properly excluded as hearsay.

Defendant proposed to show by means of questions to his own witness, who had testified to his good character, that the witness had never heard of defendant using intoxicants in any form, and that the reputation of defendant in that particular is one of total abstinence and total sobriety. This evidence is clearly incompetent. "A party offering a character witness can only prove the general character of the person inquired about, but the witness *of his own accord* may say in what respect the character of such person is good or bad." *S. v. Nance,* 195 N. C., 47, and cases cited.

The evidence for the State tended to show that when seen driving his automobile on the public highway in Montgomery County on the night in question defendant was intoxicated. The defendant testified in his own behalf that he was not a drinking man, that he had drunk no liquor that night, and that he was not intoxicated. On this conflict of testimony the question was one for the jury.

No exception is taken to the charge of the court.

We have carefully considered the case and find

No error.